Filed 6/25/14  P. v. Nittie CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B252618 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA056225) |
| v. | |
| FRANK EDWARD NITTIE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Eileen M. Rice, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

After his girlfriend reported to police that her jewelry and laptop computer were missing, Frank Edward Nittie admitted that he had taken them from her home and pawned them. On June 12, 2012 the People charged Nittie in an information with one count of residential burglary and one count of commercial burglary in violation of Penal Code section 459. Nittie pleaded not guilty to the charges.

On August 12, 2012, after the jury trial had begun, Nittie entered a negotiated plea of no contest to residential burglary (count 1). At the time he entered his plea, the court advised Nittie of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Counsel for Nittie joined in the waivers of Nittie's constitutional rights. The trial court expressly found that Nittie's waivers and plea were voluntary, knowing, and intelligent. In accordance with the plea agreement, the trial court sentenced Nittie to the upper term of six years in state prison, suspended execution of sentence, and placed Nittie on five years of formal probation on the condition he perform 30 days of work for the California Department of Transportation (Caltrans). The court awarded Nittie presentence custody credit of 132 days and ordered him to pay a $40 court security fee, a $30 criminal conviction assessment, and a $1,440 restitution fine. The court imposed and suspended a parole revocation fine. The court dismissed the remaining count pursuant to Penal Code section 1385 and the negotiated agreement.

At the time of sentencing, Nittie was on summary probation for a 2011 conviction for misdemeanor battery against a cohabitant in violation of Penal Code section 243, subdivision (e)(1) (Los Angeles County Superior Court case No. MA052514). As part of the sentence in this case, the trial court agreed to terminate probation in the misdemeanor case and transfer the probation terms and conditions to this case, including the conditions that Nittie complete a one-year domestic violence program, receive anger management counseling, perform 15 days of community labor, and pay certain fines and fees.

At a February 27, 2013 progress hearing, Nittie informed the trial court that he was unable to satisfy the probation condition of Caltrans work because he was disabled. The court converted the condition of 30 days of Caltrans work to 30 days of county jail.

On May 3, 2013 the probation department reported that Nittie had failed to comply with the conditions that he complete a domestic violence program, perform 15 days of community labor, and pay certain fines and fees. The court found Nittie in violation of probation and revoked and reinstated probation with a modified condition that he serve 30 days in county jail instead of performing 15 days of community labor.

On August 8, 2013 the trial court preliminarily revoked probation and remanded Nittie into custody because the domestic violence/anger management program had terminated him for poor attendance. The court scheduled a probation revocation hearing.

At the September 6, 2013 probation revocation hearing, several witnesses testified that Nittie had failed to pay certain fines and fees as directed and had been discharged from the domestic violence/anger management program for poor attendance. Nittie testified in his defense that he had experienced various scheduling conflicts, and he described financial and administrative problems that prevented him from regularly attending the program and complying with the probation department's payment schedule for the outstanding fines and fees. Following argument by counsel, the trial court revoked and terminated Nittie's probation and imposed the previously suspended six-year state prison sentence.

## DISCUSSION

We appointed counsel to represent Nittie on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On March 3, 2014 we advised Nittie that he had 30 days to submit any contentions or issues he wished us to consider. We have not received a response.

We have examined the record and are satisfied that Nittie's attorney on appeal has fully complied with the responsibilities of counsel and that there are no arguable issues.

3

(See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.